# EXHIBIT I

*Trademark Trial and Appeal Board Electronic Filing System. https://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1180047** |
|---|---|
| Filing date: | **12/21/2021** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding no. | 91264107 |
|---|---|
| Party | Plaintiff<br>Texas Lottery Commission |
| Correspondence address | DWAYNE K. GOETZEL<br>KOWERT, HOOD, MUNYON, RANKIN & GOETZEL, P.C.<br>1120 S CAP OF TX HWY, BLDG 2, STE 300<br>AUSTIN, TX 78746<br>UNITED STATES<br>Primary email: dkgpto@intprop.com<br>512-853-8800 |
| Submission | Brief on Merits for Plaintiff |
| Filer's name | Dwayne K. Goetzel |
| Filer's email | dkgpto@intprop.com |
| Signature | /Dwayne K. Goetzel/ |
| Date | 12/21/2021 |
| Attachments | Opposer Brief.pdf(2951579 bytes ) |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

| | | |
|---|---|---|
| Texas Lottery Commission | ) | |
| | ) | |
| Opposer | ) | |
| | ) | |
| v. | ) | Cancellation No.: 91264107 |
| | ) | |
| Ali Ansari, | ) | |
| | ) | |
| Applicant | ) | |
| | ) | |

**<u>OPPOSER'S BRIEF PURSUANT TO TRADEMARK RULE 2.128</u>**

Dwayne K. Goetzel
Texas State Bar No. 08059500
Kowert, Hood, Munyon,
  Rankin & Goetzel, P.C.
1120 Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR OPPOSER**
**TEXAS LOTTERY COMMISSION**

**I.**    **<u>Table of Contents</u>**

Index of Cases ……………………………………………………………….3

Description of the Record ……………………………………………………...4

Statement of the Issues ……………………………………………………6

Recitation of Facts ………………………………………………………..7

Argument …………………………………………………………………8

Summary …………………………………………………………………...14

**II.** __Index of Cases__

<u>In re E. I. du Pont de Nemours & Co.</u>, 476 F.2d 1357, 177 U.S.P.Q. 563 (C.C.P.A. 1973) …………………………………………………………………………………….8

<u>In re Viterra Inc.</u>, 671 F.3d 1358, 1366, 101 U.S.P.Q.2d 1905,1911 (Fed. Cir. 2012) …..9

<u>In re Appetito Provisions Co. Inc.</u>, 3 U.S.P.Q.2d 1553, 1554 (TTAB 1987) …………....9

<u>In re Shell Oil Co.</u>, 992 F.2d 1204, 26 U.S.P.Q.2d 1687 (Fed. Cir. 1993) ……………...10

<u>In re Hyper Shoppes (Ohio), Inc.</u>, 837 F.2d 463, 6 U.S.P.Q.2d 1025 (Fed. Cir. 1988) …12

<u>J & J Snack Foods Corp. v. McDonald's Corp.</u>, 932 F.2d 1460, 18 U.S.P.Q.2d 1889 (Fed. Cir. 1991) …………………………………………………………………………..13

<u>Interstate Brands Corp. v. McKee Foods Corp.</u>, 53 U.S.P.Q.2d 1910 (TTAB 2000) …..13

III.     **Description of the Record**

    A.     **Opposer's Notice of Reliance.**

        1.     Opposer's pleaded registrations:

            Copies of the registrations for Opposer's marks, which were prepared and issued by the U.S. Patent and Trademark Office, and downloaded from the USPTO database. The documents are submitted to show, *inter alia*, the current status of and title to the registrations, and the presumptive first use date based on the filing date of the applications that matured to the registrations;

        2.     Respondent's application for registration of the TEXAS TWO STEP mark:

            A copy of the application, which was downloaded from the USPTO database, is submitted to show, *inter alia*, the similarities between the marks, and to show the presumptive first use date (if any), based on the subsequent filing dates in comparison to those contained in Opposer's pleaded registration;

        3.     Opposer's First Set of Interrogatories served on Applicant on February 24, 2021, for which no response was received.

        4.     Opposer's Request for Production of Documents and Things served on Applicant on February 24, 2021, for which no response was received.

        5.     Opposer's Requests for Admissions served on Applicant on February 24, 2021, for which no response was received.

        6.     Internet websites identified below, which are available to the general public, and which show things such as use of the mark, sales under the mark, locations where goods and services are offered under the mark, historic use of the mark, means of advertising the goods and services offered under the mark, advertising restrictions pertaining to the mark, and other similar matters relevant to a likelihood of confusion analysis:

            https://www.texaslottery.com/export/sites/lottery/index.html

            (use of mark)

            https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/index.html

            (use of mark)

https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/index.html#PastResults

(use of mark)

https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/index.html#HowToPlay

(use of mark and instructions on how to play)

https://www.texaslottery.com/opencms/Games/Scratch_Offs/Retailer_Locator.jsp

(when Applicant's ZIP code of 77423 is entered, a list of stores in Applicant's resident city shows that Opposer's goods and services are offered at multiple locations in the same town where Applicant is located – see printout of such results, attached hereto

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210614_tts.txt

(scope of sales)

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210607_tts.txt

(scope of sales)

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210531_tts.txt

(scope of sales)

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210524_tts.txt
(scope of sales)

https://www.texaslottery.com/export/sites/lottery/Games/Web_Cast.html

(broadcast media)

https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/Texas_Two_Step_Ticket_Search.html

(tool for checking winning numbers, available nationwide)

https://www.texaslottery.com/export/sites/lottery/Social_Responsibility/responsible_gambling/advertising.html

(advertising restrictions)

**IV.** **Statement of the Issues.**

    **A.** **Is TEXAS TWO STEP confusingly similar to TEXAS TWO STEP?**

        1.    Are the sight, sound and meaning the same or confusingly similar?

            Brief answer:  yes.

        2.    Are the same type goods/services offered or reasonably related?

            Brief answer:  yes.

        3.    Are the goods offered in the same established, likely to continue trade channels?

            Brief answer:  yes.

        4.    Are there any relevant third-party marks?

            Brief answer:  no.

        5.    Are there any other miscellaneous considerations?

            Brief answer:  yes, which weigh in Opposer's favor.

    **B.** **Is Applicant entitled to registration of its TEXAS TWO STEP mark?**

            Brief answer:  no.

**V.**     **Recitation of Facts**

      **A.**     **Opposer's Registration of the TEXAS TWO STEP Mark.**

      1.     On April 16, 2001, Opposer filed a trademark application for the mark TEXAS TWO STEP with the U.S. Patent and Trademark Office ("USPTO").  *See* Opposer's Notice of Reliance, at 1 TTABVUE, Exhibit 2.

      2.     Opposer's TEXAS TWO STEP mark is currently registered for lottery services in class 41.  *See* id.

      3.     Opposer's TEXAS TWO STEP mark was registered on June 17, 2003.  Id.

      4.     Opposer's opposition to registration of Applicant's "TEXAS TWO STEP" mark was timely filed.

      6.     Opposer timely filed testimony by a Notice of Reliance with the Board.  *See* 6 TTABVUE.

      **B.**     **Applicant's TEXAS TWO STEP Applications.**

      1.     On March 28, 2020, Applicant filed application serial no. 88851620, seeking to register the mark TEXAS TWO STEP, for use in connection with distilled spirits in class 33.  *See* 1 TTABVUE, Exhibit 1.

      2.     Applicant's "TEXAS TWO STEP" application was filed long after the registration date of Opposer's TEXAS TWO STEP mark.

      3.     Applicant has not filed any testimony or notice of reliance with the Board. *See* TTABVUE for the above-referenced opposition matter.

      4.     Applicant did not respond to Opposer's discovery requests, including requests for admission, which are to be deemed admitted as a result.  *See* declaration attached hereto.

## VI.   <u>Argument</u>

### A.   **Introduction.**

Opposer's registered TEXAS TWO STEP mark has been used in the United States since at least as early as 2001. *See* 1 TTABVUE, Exhibit 2. Opposer has, since 2001, offered its lottery services under the TEXAS TWO STEP mark. Id.

Opposer has received a great deal of favorable publicity for its services offered under the TEXAS TWO STEP mark, including news and publicity generated prior to Applicant's filing date, and as shown in 6 TTABVUE (pp. 20-23), Opposer has sold millions of dollars' worth of lottery tickets under its TEXAS TWO STEP mark (the evidence shows between $500,000 and $600,000 in gross sales for each of four separate drawings).

Applicant, on the other hand, filed an application for the same mark, after Opposer's mark registered, for distilled spirits.

### B.   **Applicant's Mark is Confusingly Similar to Opposer's Mark.**

Generally speaking, to determine likelihood of confusion, the Board and the courts typically analyze the similarity or dissimilarity of the marks, and the relatedness of the goods or services. Thus, an analysis of factors such as the sight, sound and appearance of the marks is relevant, as is an analysis of the relatedness of goods or services, the similarity of established, likely-to-continue trade channels, and the number or nature of similar marks as used in connection with similar products or services. *See* <u>In re E. I. du Pont de Nemours & Co.</u>, 476 F.2d 1357, 177 U.S.P.Q. 563 (C.C.P.A. 1973).

### 1.    *The Wording of Both Marks is Identical.*

The words TEXAS TWO STEP are identical in Opposer's registration and Applicant's application.  Thus, there is no question as to any dissimilarities between the wording.  Both are the same.

### 2.    *The Marks are Visually Similar.*

Because the word marks are identical, there is an obvious visual similarity.  The mark itself is registered both as a word mark and with a logo. With respect to the composite mark "TEXAS TWO STEP," this does not differentiate Opposer's mark from Applicant's.  As indicated in TMEP § 1207.01(c)(ii), where a mark "comprises both wording and a design, greater weight is often given to the wording, because it is the wording that purchasers would use to refer to or request the goods or services."  *See* In re Viterra Inc., 671 F.3d 1358, 1366, 101 U.S.P.Q.2d 1905,1911 (Fed. Cir. 2012); *see also* In re Appetito Provisions Co. Inc., 3 U.S.P.Q.2d 1553, 1554 (TTAB 1987), in which APPETITO (for Italian sausage) was held likely to be confused with A APPETITO'S & Design (for restaurant services).

Applicant's application consists solely of the wording TEXAS TWO STEP. Opposer's mark is used in connection with the wording and with the composite format. With respect to the latter, "TEXAS TWO STEP" is the dominant portion of that mark. The TMEP expressly states that likelihood of confusion is not avoided by peripheral differences when the dominant portion of the marks is the same.  *See* TMEP section 1207.01(b)(iii).  Put somewhat differently, the stylization of one of Opposer's marks is not sufficient to create a different commercial impression between the marks at issue, and in any event, one of Opposer's marks is in standard character format.

Therefore, Applicant's TEXAS TWO STEP application is visually similar to TEXAS TWO STEP, and confusion is likely to result among consumers.

### 3.     *The Marks Sound the Same.*

As indicated above, both marks are comprised of the word TEXAS TWO STEP. As a result, they sound identical.

### 4.     *The Goods and Services Offered by the Parties are Related.*

In assessing the relatedness of the goods and/or services, the more similar the marks at issue, the less similar the goods or services need to be to support a finding of likelihood of confusion. In re Shell Oil Co., 992 F.2d 1204, 1207, 26 U.S.P.Q.2d 1687, 1689 (Fed. Cir. 1993). Where the marks are identical or virtually identical, the relationship between the goods and/or services need not be as close to support a finding of likelihood of confusion as would be required if there were differences between the marks. Shell Oil, 992 F.2d at 1207.

Here, the marks are identical.

Further, as the Federal Circuit has stated, the issue is not whether the goods and/or services will be confused, but rather whether the public will be confused as to their source. *See* Recot Inc. v. M.C. Becton, 214 F.3d 1322, 1329, 54 U.S.P.Q.2d 1894, 1898 (Fed. Cir. 2000) ("[E]ven if the goods in question are different from, and thus not related to, one another in kind, the same goods can be related in the mind of the consuming public as to the origin of the goods. It is this sense of relatedness that matters in the likelihood of confusion analysis").

Lottery tickets bearing the TEXAS TWO STEP mark are sold in multiple locations throughout the state, including those shown in 6 TTABVUE (p. 18-19), which lists grocery stores, convenience stores, and service stations.  Applicant intends to sell

distilled spirits, which are likewise sold in grocery stores, convenience stores, and service stations.

Thus, at the very least, the conditions surrounding the advertising, marketing and sales are such that products and services of the respective parties are likely to be encountered by the same persons under circumstances that, because of the similarity of the marks, would lead to the mistaken belief that they originate from the same source. *See* On-line Careline Inc. v. America Online Inc., 229 F.3d 1080, 56 U.S.P.Q.2d 1471 (Fed. Cir. 2000) (holding ON-LINE TODAY for Internet connection services and ONLINE TODAY for an electronic publication likely to cause confusion);

In sum, consumers will encounter Opposer's lottery tickets in the same location where alcoholic beverages can be purchased, thereby leading to potential confusion between the parties and their respective goods and services.

### 5.    *The Trade Channels are Similar.*

As indicated in Opposer's Notice of Reliance, and as mentioned above, it offers and sells its products and services through various outlets, including in the same locations where Applicant's products could be offered.

Thus, at the very least, both Applicant and Opposer sell (or could sell) their products and services through outlets such as grocery stores, convenience stores, and service stations.  Therefore, the established and likely to continue trade channels in which Applicant offers its products under the TEXAS TWO STEP mark are similar to those in which Opposer offers its goods and services under the TEXAS TWO STEP mark. Confusion is therefore likely.

6.      *Miscellaneous Considerations*.

Applicant appears to have lost interest in prosecuting this matter, as it has not filed any notice of reliance or other evidence in support of its application.   Further, Applicant did not respond to written discovery propounded upon it.   Therefore, the requests for admission, in particular, are to be deemed admitted herein.

In request for admission nos. 12-15, 18, and 36-37, Applicant was asked the following questions:

12.     Admit or deny that Applicant had seen Opposer's Mark before filing the application for Applicant's Mark.

13.     Admit or deny that Applicant had heard of Opposer's Mark before filing the application for Applicant's Mark.

14.     Admit or deny that Applicant had purchased lottery tickets in the state of Texas before filing the application for Applicant's Mark.

15.     Admit or deny that Applicant has seen advertising for Opposer before filing the application for Applicant's Mark.

18.     Admit or deny that Applicant chose Applicant's Mark after seeing Opposer's Mark.

36.     Admit or deny that Applicant's Mark has the same meaning as Opposer's Mark.

37.     Admit or deny that Applicant's Mark is intended to call to mind Opposer's Mark.

*See* declaration attached as **Exhibit A** and exhibits thereto.

Since Applicant did not respond, its answers are deemed admitted herein.

Where there is any doubt as to whether there is a likelihood of confusion, that doubt must be resolved in favor of the prior registrant.  *See* In re Shell Oil Co., 992 F.2d 1204, 26 U.S.P.Q.2d 1687 (Fed. Cir. 1993); In re Hyper Shoppes (Ohio), Inc., 837 F.2d 463, 6 U.S.P.Q.2d 1025 (Fed. Cir. 1988).   Preference is accorded to the prior user of a trademark as against a newcomer, since the "newcomer has the clear opportunity, if not

the obligation, to avoid confusion with well-known marks of others."  *See* J & J Snack

Foods Corp. v. McDonald's Corp., 932 F.2d 1460, 18 U.S.P.Q.2d 1889 (Fed. Cir. 1991).

In this case, if the Board has any doubt (which Opposer submits it should not

have, in light of the above-referenced factors), the case should still be resolved in favor of

Opposer.  Applicant knew or should have known of Opposer and its registered TEXAS

TWO STEP mark prior to Applicant filing any application for registration of TEXAS

TWO STEP.  Opposer's use of the registered TEXAS TWO STEP mark was (and is)

open and obvious.  *See* 1 TTABVUE at Exhibit 2.  Even a cursory examination of the

USPTO database prior to filing Applicant's application would have revealed Opposer's

prior registration.

As the Board has stated, "one who adopts a mark similar to the mark of another

for the same or closely related goods or services does so at his own peril and any doubt as

to the similarity of the marks must be resolved against him."  *See* Interstate Brands Corp.

v. McKee Foods Corp., 53 U.S.P.Q.2d 1910 (TTAB 2000).

Given that Applicant was on notice as to Opposer and its registered TEXAS TWO

STEP mark, Applicant must live with the consequences of disregarding that knowledge

in pursuit of its own application for the TEXAS TWO STEP mark.

Opposer therefore respectfully requests that the Board rule in Opposer's favor,

and find that Applicant may not register the TEXAS TWO STEP application referenced

herein.

**VII.   Conclusion and Summary.**

In this case, the respective marks are identical (or confusingly similar, if the

stylization of Opposer's mark is enough to consider it not identical to Applicant's mark).

The marks have the same visual appearance, sound, and meaning.

Applicant knew or should have known of Opposer's TEXAS TWO STEP mark and of its registered status prior to filing Applicant's application for the same mark. In fact, since Applicant previously filed a similar application for the same mark, to which Opposer filed an extension of time to oppose, Applicant clearly had actual knowledge of Opposer's mark and was trying to appropriate the goodwill in Opposer's mark for itself.

In sum, Opposer's registered TEXAS TWO STEP mark has priority, and Applicant's use or proposed use of TEXAS TWO STEP is confusingly similar to Opposer's mark. As a result, registration of Applicant's mark should be refused. Therefore, the Opposer, Texas Lottery Commission, respectfully requests that the Trademark Trial and Appeal Board issue an order finding that Applicant's mark is confusingly similar to Opposer's mark, and refuse to register Applicant's mark on that basis.

Respectfully submitted,

/Dwayne K. Goetzel/

_____

Dwayne K. Goetzel
Texas State Bar No. 08059500
Kowert, Hood, Munyon
  Rankin & Goetzel, P.C.
1120 S. Capital of Texas Highway
Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR OPPOSER**
**TEXAS LOTTERY COMMISSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Opposer's Notice of Reliance* has been sent to Applicant's attorney via email on this the 21st day of December 2021.

<u>dileep@rdoip.com</u>
<u>sarah@rdoip.com</u>
Dileep P. Rao
Rao Deboer Osterrieder, PLLC
1334 Brittmoore Road, Suite 2401
Houston, Texas 77043

<u>/Dwayne K. Goetzel/</u>
Dwayne K. Goetzel

# 1



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 5 03:59:23 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# TEXAS TWO STEP

| | |
|---|---|
| **Word Mark** | TEXAS TWO STEP |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Lottery services. FIRST USE: 20010402. FIRST USE IN COMMERCE: 20010402 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76241413 |
| **Filing Date** | April 16, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 10, 2002 |
| **Registration Number** | 2727836 |
| **Registration Date** | June 17, 2003 |
| **Owner** | (REGISTRANT) Texas Lottery Commission STATE AGENCY TEXAS PO Box 16630 Austin TEXAS 787616630 |
| **Attorney of Record** | Dwayne K Goetzel |
| **Prior Registrations** | 1757208;2391987 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130426. |
| **Renewal** | 1ST RENEWAL 20130426 |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | SEARCH OG | TOP | HELP |

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101, and 107**

**Reg. No. 2,727,836**

## United States Patent and Trademark Office

Registered June 17, 2003

### SERVICE MARK
**PRINCIPAL REGISTER**

## TEXAS TWO STEP

TEXAS LOTTERY COMMISSION (TEXAS STATE
AGENCY)
611 EAST 6TH STREET
AUSTIN, TX 78701

FOR: LOTTERY SERVICES, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 4-2-2001; IN COMMERCE 4-2-2001.

OWNER OF U.S. REG. NOS. 1,757,208 AND
2,391,987.

SN 76-241,413, FILED 4-16-2001.

ALEX KEAM, EXAMINING ATTORNEY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 5 03:59:23 EDT 2020*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TEXAS TWO STEP TEXAS LOTTERY |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Lottery services. FIRST USE: 20010402. FIRST USE IN COMMERCE: 20010402 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 09.07.01 - Boots, hiking; Boots, rain and snow; Boots, western (cowboy); Hiking boots; Waders, wading boats (fishing)<br>24.17.03 - Dollar symbol ($)<br>26.11.21 - Rectangles that are completely or partially shaded |
| **Serial Number** | 76241414 |
| **Filing Date** | April 16, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 4, 2003 |
| **Registration Number** | **2762360** |
| **Registration Date** | September 9, 2003 |
| **Owner** | (REGISTRANT) Texas Lottery Commission STATE AGENCY TEXAS P.O. Box 16630 Austin TEXAS 787616630 |
| **Attorney of Record** | Dwayne K Goetzel |
| **Prior Registrations** | 1757208;2391987 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LOTTERY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20130323. |
| **Renewal** | 1ST RENEWAL 20130323 |
| **Live/Dead Indicator** | LIVE |
| **Distinctiveness Limitation Statement** | as to "TEXAS" |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**Int. Cl.: 41**

**Prior U.S. Cls.: 100, 101, and 107**

**Reg. No. 2,762,360**

## United States Patent and Trademark Office

Registered Sep. 9, 2003

### SERVICE MARK
#### PRINCIPAL REGISTER



TEXAS LOTTERY COMMISSION (TEXAS STATE AGENCY)
611 EAST 6TH STREET
AUSTIN, TX 78701

FOR: LOTTERY SERVICES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 4-2-2001; IN COMMERCE 4-2-2001.

OWNER OF U.S. REG. NOS. 1,757,208 AND 2,391,987.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "LOTTERY", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "TEXAS".

SN 76-241,414, FILED 4-16-2001.

ALEX KEAM, EXAMINING ATTORNEY

**2**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Aug 5 03:59:23 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Texas Two Step

| | |
|---|---|
| **Word Mark** | TEXAS TWO STEP |
| **Goods and Services** | IC 033. US 047 049. G & S: Distilled spirits |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88851620 |
| **Filing Date** | March 28, 2020 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | July 28, 2020 |
| **Owner** | (APPLICANT) Ali Ansari INDIVIDUAL UNITED STATES 1207 Kenney Street Brookshire TEXAS 77423 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

| **HOME** | **SITE INDEX** | **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY** |

**3**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

|                              |   |                            |
|------------------------------|---|----------------------------|
| Texas Lottery Commission     | ) |                            |
|                              | ) |                            |
| Opposer                      | ) |                            |
|                              | ) |                            |
| v.                           | ) | Cancellation No.: 91264107 |
|                              | ) |                            |
| Ali Ansari,                  | ) |                            |
|                              | ) |                            |
| Applicant                    | ) |                            |

**<u>DECLARATION</u>**

Dwayne Goetzel hereby declares as follows:

1.      I am an attorney with Kowert Hood Munyon, Rankin & Goetzel, P.C.  I am over the age of 18, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration.  I make this Declaration on the basis of my personal knowledge of the facts recited below:

2.      Attached to this Declaration, which is made in support of Opposer's brief, are true and correct copies of written discovery (requests for admission, requests for production, and interrogatories), which were served upon Applicant herein and referenced in Opposer's notice of reliance, but to which no written objections or responses were served by the Applicant.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 21st day of December 2021.


_____

Dwayne K. Goetzel

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

| | | |
|---|---|---|
| Texas Lottery Commission | ) | |
|     Opposer | ) | |
| | ) | |
|         v. | ) | |
| | ) | Opposition No. 91264107 |
| Ali Ansari | ) | |
|     Applicant | ) | |
| _____ | ) | |

## OPPOSER'S FIRST SET OF INTERROGATORIES TO APPLICANT

Pursuant to 37 C.F.R. § 2.120 and Rules 26 and 33 of the Federal Rules of Civil Procedure, Opposer Texas Lottery Commission ("Opposer") requests that Applicant Ali Ansari ("Applicant") answer the following interrogatories by serving written responses to Opposer's attorneys' offices at the address specified below, within the time specified in the Trademark Rules of Practice and the Federal Rules of Civil Procedure.

## Definitions

A.     "Agreement" means any written or oral contract, understanding, agreement or agreement in principle, all schedules, exhibits or other documents ancillary thereto or referred to therein, and all drafts of and amendments to the foregoing.

B.     "All" and "each" shall be construed as "all and each."

C.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D.     "Applicant" or "you" means Ali Ansari and any related person, business entity, division, subsidiary, or predecessor-in-interest.

E.     "Applicant's Mark" means the mark TEXAS TWO STEP as shown in Application Serial No. 88851620.

F.     "Communication" means, without limitation, the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, meetings, discussions, conversations, telephone calls, recordings, photographs, notes, memoranda, letters, facsimiles, email, text message, instant message and the transmittal of information in the form of agreements.

G.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

H.     "Describe," with respect to oral communications, means to state or identify the date, time of day, duration, location, persons involved, witnesses, physical occurrences, and a summary of the substance of any conversations. With respect to documents, "describe" means to identify the type of document, its date, its author, its recipients, and to offer a summary of the substance thereof.

I.     "Document" is used in the broadest sense possible consistent with the Federal Rules of Civil Procedure as adopted by the Trademark Rules of Practice and includes, without limitation, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to writings, recordings, photographs, letters, correspondence, purchase orders, invoices, facsimiles, telegrams, telexes, memoranda, records, summaries, minutes, records or notes of personal conversations, interviews, meetings and/or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic or other notes, opinions or reports of consultants, opinions or reports of experts, projections, financial or

statistical statements or compilations, checks (front and back), contracts, agreements, appraisals, analyses, confirmations, publications, articles, books, pamphlets, circulars, microfilms, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, tape recordings, videotapes, disks, diskettes, compact discs (CDs), data tapes or readable computer-produced interpretations or transcriptions thereof, electronically-transmitted messages (email), voicemail messages, inter-office communications, advertising, packaging and promotional materials, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to all information contained in any computer or electronic data processing system, or on any tape, whether or not already printed out or transcribed. Without limiting the foregoing, "Documents" includes electronically stored information and any and all subsisting metadata associated therewith.

J.        "Identify" when used in reference to:

(i)     a current officer or employee of Applicant means to state the person's full name and title or position;

(ii)    a former officer or employee of Applicant means to state, to the extent known, the person's full name, last title or position with Applicant, and the person's present business affiliation, and business addresses and telephone number or residential address and telephone number;

(iii)   any other person means to state, to the extent known, the person's full name, present or last known address, and the current or last known place of employment and business addresses and telephone number;

(iv)    an oral communication means to describe the date and time of the communication, the place where the communication occurred, the persons

involved in the communication, any other person present, and the substance of the communication;

(v)     a <u>business entity or institution</u> means to state, to the extent known, its full name, address and telephone number;

(vi)    a <u>document</u> means to describe the document with specificity, including, where applicable, the subject matter of the document, its date, the name, title and address of each writer or sender and each recipient, its present location and custodian, and, if any such document is not in Applicant's possession or subject to its control, state what disposition was made of it, by whom, and the date thereof. <u>Applicant may furnish a copy of the document in lieu of identifying it, provided: (a) the document contains the above information or Applicant separately furnishes such information when furnishing the document, (b) Applicant identifies the production number of such document in its response</u>; and (c) Applicant follows the Instructions set forth in Opposer's First Set of Requests for the Production of Document and Things to Applicant.

K.     When not capitalized, "mark," "trademark" and "trade name" each incorporate trademarks, service marks, trade names and service names.

L.     "Market Research" includes all surveys, polls, focus groups, trademark and/or any other search reports, market research studies and other investigations, whether or not such investigations were completed, discontinued or fully carried out.

M.     "Opposer" means Texas Lottery Commission

N.     "Opposer's Mark" means the TEXAS TWO STEP mark, including as set forth in U.S. Reg. No. 2727836.

O.      "Opposition" means the Notice of Opposition filed in this proceeding.

P.      "Opposition Answer" means the Answer filed by Applicant in this proceeding.

Q.      "Person" means any natural person or any business, legal or governmental entity or association.

R.      "Set Forth the Basis" with respect to an allegation or denial of an allegation means to state all facts, evidence and legal bases on which Applicant is relying herein in support of such allegation or denial and to identify all documents concerning such allegation or denial (including both those supporting and those tending to negate the allegation or denial).

S.      "Thing" means any tangible object.

T.      The use of the singular form of any word includes the plural and vice versa.

U.      References to the masculine gender shall apply equally to the feminine gender.

V.      "Applicant's Goods" refers to the listing of products in Applicant's application for Applicant's Mark, namely, distilled spirits, in International Class 33.

## INSTRUCTIONS

Should Applicant claim that any particular interrogatory is beyond the scope of permissible discovery, Applicant should specify in detail each and every ground on which such claim rests.

Should Applicant find any interrogatory or any term used in an interrogatory to be vague, ambiguous, subject to varying interpretations or unclear, Applicant should identify the matter deemed to be ambiguous, vague, subject to interpretation or unclear, state its understanding of the disputed matter, and respond to the best of its ability in accordance with that understanding.

Should Applicant be unable to answer any interrogatory in full, Applicant should answer the interrogatory to the fullest extent possible, specify the reasons for the inability to answer the remainder, and state whatever information Applicant has concerning the unanswered portion.

If a claim of privilege is asserted in objecting to any interrogatory or any aspect or portion thereof, and a full answer is not or will not be provided on the basis of such assertion, Applicant should offer a statement signed by an attorney representing Applicant setting forth as to each such interrogatory or aspect or portion thereof the nature of the privilege (including work product) being claimed. Applicant should answer each interrogatory and each part thereof not requesting privileged information.

Applicant must answer each interrogatory and each part thereof separately and fully to the extent no objection is made.

Any objection to any interrogatory for which a basis has not been specifically stated within the time provided by the Federal Rules of Civil Procedure shall be waived.

For the convenience of the Board and the parties, Applicant should quote each interrogatory in full immediately preceding the response.

These interrogatories shall be deemed continuing. Should Applicant at any time after preparing and furnishing the requested information ascertain or acquire additional responsive information, Applicant should produce such supplemental information to Opposer within thirty (30) days but in no event later than the day before the trial period opens.

## **INTERROGATORIES**

Interrogatory No. 1

Describe in detail the nature of the business currently conducted by Applicant in the United States under Applicant's Mark.

**Response:**


Interrogatory No. 2

Identify all persons with knowledge of relevant facts regarding Applicant's Mark, Applicant's Goods, and the creation, selection and adoption of Applicant's Mark, including Applicant's reasons for selecting the mark.

**Response:**


Interrogatory No. 3

Identify all persons who participated in or were consulted concerning the selection of Applicant's Mark.

**Response:**


Interrogatory No. 4

Describe what steps, if any, were taken to clear Applicant's Mark *(e.g.,* commissioning trademark search reports prior to filing the application for Applicant's Mark). Applicant's answer should identify all persons who participated in such clearance activity.

**Response:**


Interrogatory No. 5

Please indicate whether Applicant has used Applicant's Mark in connection with Applicant's Goods in commerce in the United States, and if so, the actual date of such first use.

**Response:**

Interrogatory No. 6

For each year (or portion thereof) since the date of first use of Applicant's Mark in the United States, state Applicant's annual revenues for Applicant's Goods offered under Applicant's Mark.

**Response:**


Interrogatory No. 7

Identify the specific trade channels in the United States targeted by Applicant for sales of Applicant's Goods.

**Response:**


Interrogatory No. 8

Identify all of Applicant's actual customers for Applicant's Goods offered under Applicant's Mark in the United States.

**Response:**


Interrogatory No. 9

Describe in detail all channels of trade through which Applicant's Goods have been offered for sale or distributed in the United States.

**Response:**


Interrogatory No. 10

How has Applicant's Mark or Applicant's Goods been promoted, and how does Applicant intend to promote Applicant's Mark or Applicant's Goods in the United States in the future?

Applicant's answer should specify the nature of any promotional material and advertising *(e.g.,* brochures, television commercials, newspaper articles, magazine advertisements, press releases, Internet banner ads, pop-up ads, websites, etc.) and the particular media involved (*e.g.*, The New *York Times,* Google, etc.).

**Response:**

Interrogatory No. 11

Provide Applicant's annual expenditures for advertising, marketing, promoting or otherwise publicizing products offered under Applicant's Mark in the United States.

**Response:**

Interrogatory No. 12

Identify, and describe and set forth the results of, any Market Research concerning Applicant's Mark or Opposer's Mark.

**Response:**

Interrogatory No. 13

Identify all persons that Applicant has licensed or otherwise authorized to use Applicant's Mark.

**Response:**

Interrogatory No. 14

State when and describe how Applicant first became aware of Opposer's Mark.

**Response:**

Interrogatory No. 15

Identify and describe all instances of any likely or actual confusion as between the goods or services offered under Applicant's Mark and the goods or services offered under Opposer's Mark.

**Response:**

Interrogatory No. 16

Identify the person with the most knowledge regarding first use of Applicant's Mark, sales under Applicant's Mark, and advertising of goods under Applicant's Mark.

**Response:**

Interrogatory No. 17

Identify each person who provided substantive information used in answering the preceding interrogatories, specifying the particular interrogatories for which the person provided such information.

**Response:**


Interrogatory No. 18

Identify all fact and expert witnesses that you intend to, or may, call or utilize as witnesses in this opposition proceeding.

**Response:**


Respectfully submitted,

By: /Dwayne K. Goetzel/

Dwayne K. Goetzel


Kowert, Hood, Munyon, Rankin & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR OPPOSER**
**TEXAS LOTTERY COMMISSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent to the Applicant's attorney via email on this the 24th day of February 2021:

<u>dileep@rdoip.com</u>
<u>sarah@rdoip.com</u>

Dileep P. Rao
Rao Deboer Osterrieder, PLLC
1334 Brittmoore Road, Suite 2401
Houston, Texas 77043

<u>/Dwayne K. Goetzel/</u>
Dwayne K. Goetzel

4

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

|                                  |   |                              |
|----------------------------------|---|------------------------------|
| Texas Lottery Commission         | ) |                              |
|                                  | ) |                              |
| Opposer                          | ) |                              |
|                                  | ) |                              |
| v.                               | ) | Cancellation No.: 91264107   |
|                                  | ) |                              |
| Ali Ansari,                      | ) |                              |
|                                  | ) |                              |
| Applicant                        | ) |                              |
|                                  | ) |                              |

## <u>DECLARATION</u>

Dwayne Goetzel hereby declares as follows:

1.      I am an attorney with Kowert Hood Munyon, Rankin & Goetzel, P.C.  I am over the age of 18, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration.  I make this Declaration on the basis of my personal knowledge of the facts recited below:

2.      Attached to this Declaration, which is made in support of Opposer's brief, are true and correct copies of written discovery (requests for admission, requests for production, and interrogatories), which were served upon Applicant herein and referenced in Opposer's notice of reliance, but to which no written objections or responses were served by the Applicant.

3.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 21st day of December 2021.

_____
Dwayne K. Goetzel

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

| | | |
|---|---|---|
| Texas Lottery Commission | ) | |
| Opposer | ) | |
| | ) | |
| v. | ) | |
| | ) | Opposition No. 91264107 |
| Ali Ansari | ) | |
| Applicant | ) | |
| _____ | ) | |

## OPPOSER'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Opposer, Texas Lottery Commission ("Opposer") requests that Applicant Ali Ansari ("Applicant"), produce the following documents and thing by providing copies thereof to Opposer's counsel, Kowert, Hood, Munyon, Rankin & Goetzel, P.C., 1120 S. Capital of Texas Hwy., Building 2, Suite 300, Austin, Texas 78746, within thirty (30) days of receipt of this request in accordance with Patent and Trademark Office Rule 2.120 and Rule 34 and other applicable rules of the Federal Rules of Civil Procedure.

### Definitions

A.  "Agreement" means any written or oral contract, understanding, agreement or agreement in principle, all schedules, exhibits or other documents ancillary thereto or referred to therein, and all drafts of and amendments to the foregoing.

B.  "All" and "each" shall be construed as "all and each."

C.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

1

D.  "Applicant" or "you" means Ali Ansari and any related person, business entity, division, subsidiary, or predecessor-in-interest.

E.  "Applicant's Mark" means the mark TEXAS TWO STEP as shown in Application Serial No. 88851620.

F.  "Communication" means, without limitation, the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, meetings, discussions, conversations, telephone calls, recordings, photographs, notes, memoranda, letters, facsimiles, email, text message, instant message and the transmittal of information in the form of agreements.

G.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

H.  "Describe," with respect to oral communications, means to state or identify the date, time of day, duration, location, persons involved, witnesses, physical occurrences, and a summary of the substance of any conversations. With respect to documents, "describe" means to identify the type of document, its date, its author, its recipients, and to offer a summary of the substance thereof.

I.  "Document" is used in the broadest sense possible consistent with the Federal Rules of Civil Procedure as adopted by the Trademark Rules of Practice and includes, without limitation, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to writings, recordings, photographs, letters, correspondence, purchase

2

orders, invoices, facsimiles, telegrams, telexes, memoranda, records, summaries, minutes, records or notes of personal conversations, interviews, meetings and/or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic or other notes, opinions or reports of consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, checks (front and back), contracts, agreements, appraisals, analyses, confirmations, publications, articles, books, pamphlets, circulars, microfilms, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, tape recordings, videotapes, disks, diskettes, compact discs (CDs), data tapes or readable computer-produced interpretations or transcriptions thereof, electronically-transmitted messages (email), voicemail messages, inter-office communications, advertising, packaging and promotional materials, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to all information contained in any computer or electronic data processing system, or on any tape, whether or not already printed out or transcribed.  Without limiting the foregoing, "Documents" includes electronically stored information and any and all subsisting metadata associated therewith.

      J.       "Identify" when used in reference to:

         (i)      a current officer or employee of Applicant means to state the person's full name and title or position;

        (ii)      a former officer or employee of Applicant means to state, to the extent known, the person's full name, last title or position with Applicant, and the person's present business affiliation, and business

3

addresses and telephone number or residential address and telephone number;

(iii)     any <u>other person</u> means to state, to the extent known, the person's full name, present or last known address, and the current or last known place of employment and business addresses and telephone number;

(iv)     an <u>oral communication</u> means to describe the date and time of the communication, the place where the communication occurred, the persons involved in the communication, any other person present, and the substance of the communication;

(v)      a <u>business entity or institution</u> means to state, to the extent known, its full name, address and telephone number;

(vi)     a <u>document</u> means to describe the document with specificity, including, where applicable, the subject matter of the document, its date, the name, title and address of each writer or sender and each recipient, its present location and custodian, and, if any such document is not in Applicant's possession or subject to its control, state what disposition was made of it, by whom, and the date thereof. <u>Applicant may furnish a copy of the document in lieu of identifying it, provided: (a) the document contains the above information or Applicant separately furnishes such information when furnishing the document, (b) Applicant identifies the production number of such document in its response</u>; and (c)

Applicant follows the Instructions set forth in Opposer's First Set of Requests for the Production of Document and Things to Applicant.

K. When not capitalized, "mark," "trademark" and "trade name" each incorporate trademarks, service marks, trade names and service names.

L. "Market Research" includes all surveys, polls, focus groups, trademark and/or any other search reports, market research studies and other investigations, whether or not such investigations were completed, discontinued or fully carried out.

M. "Opposer" means Texas Lottery Commission

N. "Opposer's Mark" means the TEXAS TWO STEP mark, including as set forth in U.S. Reg. No. 2727836.

O. "Opposition" means the Notice of Opposition filed in this proceeding.

P. "Opposition Answer" means the Answer filed by Applicant in this proceeding.

Q. "Person" means any natural person or any business, legal or governmental entity or association.

R. "Set Forth the Basis" with respect to an allegation or denial of an allegation means to state all facts, evidence and legal bases on which Applicant is relying herein in support of such allegation or denial and to identify all documents concerning such allegation or denial (including both those supporting and those tending to negate the allegation or denial).

S. "Thing" means any tangible object.

T. The use of the singular form of any word includes the plural and vice versa.

U. References to the masculine gender shall apply equally to the feminine gender.

V. "Applicant's Goods" refers to the listing of products in Applicant's application for Applicant's Mark, namely, distilled spirits, in International Class 33.

**DOCUMENT REQUEST NO. 1.**

All documents identified in response to Opposer's interrogatories, and all documents and things which relate to and/or support any answers given in response to Opposer's interrogatories.

**DOCUMENT REQUEST NO. 1.**

All advertising materials making use of or relating to Applicant's Mark.

**DOCUMENT REQUEST NO. 2.**

Exemplary samples of all packaging materials for goods or services sold or offered in association with Applicant's Mark.

**DOCUMENT REQUEST NO. 3.**

All sale display or offering materials for Applicant's Mark.

**DOCUMENT REQUEST NO. 4.**

All fliers, brochures, advertisements, and other similar materials and/or indicia actually used in connection with the goods or services offered under Applicant's Mark.

**DOCUMENT REQUEST NO. 5.**

For each product and/or service with which Applicant's Mark has been used or associated, or will be used or associated, please produce exemplary materials illustrating and/or describing the product or service.

**DOCUMENT REQUEST NO. 6.**

All documents evidencing or relating to:

(a)     first use of Applicant's Mark;

(b)     first use of Applicant's Mark in interstate commerce;

(c)     selection of Applicant's Mark; and

(d)     adoption of Applicant's Mark.

**DOCUMENT REQUEST NO. 7.**

As to each product or service with which Applicant's Mark has been used or associated, please produce all documents evidencing or relating to Applicant's continued use of Applicant's Mark in connection with that product or service, such as sample documents for each year of such continuous use, including but not limited to all documents on which Applicant will rely to show such continuous use of said mark.

**DOCUMENT REQUEST NO. 8.**

All documents which relate to or constitute any license or other transfer to or from Applicant of any alleged rights in Applicant's Mark.

**DOCUMENT REQUEST NO. 9.**

All documents and things which refer or relate in any way to the discontinuance of usage of Applicant's Mark on any product, service or website.

**DOCUMENT REQUEST NO. 10.**

All documents and things referring or relating to any similarity or dissimilarity between the products and/or services on which Opposer's Mark has been used or associated, and Applicant's Goods.

**DOCUMENT REQUEST NO. 11.**

All documents and things referring or relating to any similarity and/or dissimilarity known to Applicant with respect to the trade channels for Applicant's Goods versus the trade channels for Opposer's products or services on which Opposer's Mark has been used or associated.

**DOCUMENT REQUEST NO. 12.**

All documents relating to the type(s) and class(es) of persons who use or purchase, or will use or purchase, Applicant's Goods.

**DOCUMENT REQUEST NO. 13.**

All documents and things referring or relating to the actual or prospective wholesale and/or retail sales for Applicant's Goods.

**DOCUMENT REQUEST NO. 14.**

For each product and/or service on which Applicant's Mark has been used or associated, please produce all documents evidencing annual advertising and promotional expenses for each category below for each year from the dates Applicant's Mark was first used or associated to the present for:

    (a)    print:

        (i)    magazines,

        (ii)    newspapers,

        (iii)    trade publications,

        (iv)    catalogs,

        (v)    outdoor,

        (vi)    transit, and

        (vii)    other;

    (b)    radio;

    (c)    television;

    (d)    trade shows;

    (e)    endorsements;

    (f)    free products;

    (g)    sponsoring events;

(h)     sponsoring teams;

(i)     nonemployee travel;

(j)     public relations events;

(k)     Internet and social media; and

(l)     other.

**DOCUMENT REQUEST NO.  15.**

For each product and/or service which Applicant has offered, currently offers, or plans to offer under Applicant's Mark, please produce all documents relating to Applicant's past, present or future marketing plans.

**DOCUMENT REQUEST NO.  16.**

All documents containing information and/or data known to Applicant referring to relating to the fame of Opposer's Mark.

**DOCUMENT REQUEST NO.  17.**

All documents and things referring or relating to any actual or likely confusion between Applicant's Mark and Opposer's Mark.

**DOCUMENT REQUEST NO. 18.**

All documents which relate to or constitute any formal or informal market studies, surveys, focus groups or other studies which Applicant has conducted or caused to be conducted which relate to Applicant's Mark or to Opposer's Mark.

**DOCUMENT REQUEST NO. 19.**

All documents and things relating to any opinions of counsel concerning Applicant's Mark that Applicant intends to introduce into evidence herein.

**DOCUMENT REQUEST NO. 20.**

All documents which relate to any objection, litigation proceeding or dispute relating to Applicant's use or registration of Applicant's Mark (other than the current proceeding).

**DOCUMENT REQUEST NO. 21.**

All documents which disclose representative outlets through which Applicant offers or intends to offer for sale its goods or services under Applicant's Mark.

**DOCUMENT REQUEST NO. 22.**

Ten (10) invoices and ten (10) customer orders for Applicant's Goods offered under Applicant's Mark.

**DOCUMENT REQUEST NO. 23.**

Price lists for Applicant's Goods offered under Applicant's Mark.

**DOCUMENT REQUEST NO. 24.**

All documents relating to present or former third party use of any name, mark or term comprised of TEXAS TWO STEP in connection with alcoholic beverages of any kind.

**DOCUMENT REQUEST NO. 25.**

All documents regarding communications, discovery or pleadings with respect to arbitration, litigation or other adversary proceeding (including opposition or cancellation proceedings) in the United States or elsewhere concerning Applicant's Mark, excluding the present opposition.

**DOCUMENT REQUEST NO. 26.**

All documents regarding any settlement agreements concerning Applicant's Mark.

**DOCUMENT REQUEST NO. 27.**

All documents evidencing or relating to communications between Applicant and third parties who have applied for, registered or used Applicant's Mark or Opposer's Mark.

**DOCUMENT REQUEST NO. 28.**

All documents evidencing or relating to communications between Applicant and any third party concerning Opposer or Opposer's Mark.

**DOCUMENT REQUEST NO. 29.**

All documents evidencing or relating to communications between Applicant and any third party concerning the Opposition or anything related thereto.

**DOCUMENT REQUEST NO. 30.**

Any logo or design used by Applicant in connection with the Applicant's Mark, including artwork and related materials.

**DOCUMENT REQUEST NO. 31.**

All documents evidencing or relating to the filing and prosecution of the application for registration of the Applicant's Mark, including copies of corporate minutes, internal memoranda and correspondence concerning discussions and decisions to file and prosecute such application.

**DOCUMENT REQUEST NO. 32.**

All documents evidencing or relating to any other state and/or federal trademark applications and registrations concerning the Applicant's Mark at any time filed,

prosecuted or maintained by Applicant, including copies of maintenance documents (*e.g.*, renewals, Section 8 and 15 affidavits), corporate minutes, internal memoranda and correspondence concerning discussions and decisions relating to such documents.

**DOCUMENT REQUEST NO. 33.**

All documents evidencing or relating to the quality of Applicant's Goods offered or to be offered under Applicant's Mark.

**DOCUMENT REQUEST NO. 34.**

All documents evidencing or relating to the stores, retail outlets, offices or other locations at which Applicant has promoted, sold or rendered, or intends or plans to promote, sell or render Applicant's Goods under Applicant's Mark.

**DOCUMENT REQUEST NO. 35.**

All documents evidencing or relating to the cities and states in the United States where Applicant has promoted, sold or rendered, or intends to promote, sell or render Applicant's Goods under Applicant's Mark.

**DOCUMENT REQUEST NO. 36.**

All documents and things relating to any searches or investigations conducted relating to Applicant's Mark prior to filing the trademark application for Applicant's Mark (*e.g.*, search reports obtained, availability opinions, etc.).

Respectfully submitted,

By: /Dwayne K. Goetzel/
Dwayne K. Goetzel

Kowert, Hood, Munyon, Rankin & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR OPPOSER**
**TEXAS LOTTERY COMMISSION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to the Applicant's attorney via email on this the 24th day of February 2021:

dileep@rdoip.com
sarah@rdoip.com

Dileep P. Rao
Rao Deboer Osterrieder, PLLC
1334 Brittmoore Road, Suite 2401
Houston, Texas 77043

/Dwayne K. Goetzel/
Dwayne K. Goetzel

**5**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

| | | |
|---|---|---|
| Texas Lottery Commission | ) | |
| | ) | |
| Opposer | ) | |
| | ) | |
| v. | ) | Cancellation No.: 91264107 |
| | ) | |
| Ali Ansari, | ) | |
| | ) | |
| Applicant | ) | |
| | ) | |

## <u>DECLARATION</u>

Dwayne Goetzel hereby declares as follows:

1.	I am an attorney with Kowert Hood Munyon, Rankin & Goetzel, P.C.  I am over the age of 18, have never been convicted of a crime involving moral turpitude, and am competent to make this Declaration.  I make this Declaration on the basis of my personal knowledge of the facts recited below:

2.	Attached to this Declaration, which is made in support of Opposer's brief, are true and correct copies of written discovery (requests for admission, requests for production, and interrogatories), which were served upon Applicant herein and referenced in Opposer's notice of reliance, but to which no written objections or responses were served by the Applicant.

3.	I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 21st day of December 2021.

_____
Dwayne K. Goetzel

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

In the Matter of the Trademark Application Serial No. 88851620 for
the mark "TEXAS TWO STEP" filed by Ali Ansari

| | | |
|---|---|---|
| Texas Lottery Commission | ) | |
|      Opposer | ) | |
| | ) | |
|           v. | ) | |
| | ) | Opposition No. 91264107 |
| Ali Ansari | ) | |
|      Applicant | ) | |
| | ) | |

## **OPPOSER'S REQUESTS FOR ADMISSION TO APPLICANT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Texas Lottery Commission ("Opposer") requests that the Applicant Ali Ansari ("Applicant"), answer the following requests for admission in writing, in accordance with Patent and Trademark Office Rule 2.120 and Rule 36 and other applicable rules of the Federal Rules of Civil Procedure.

### **Definitions**

A. "Agreement" means any written or oral contract, understanding, agreement or agreement in principle, all schedules, exhibits or other documents ancillary thereto or referred to therein, and all drafts of and amendments to the foregoing.

B. "All" and "each" shall be construed as "all and each."

C. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D. "Applicant" or "you" means Ali Ansari and any related person, business entity, division, subsidiary, or predecessor-in-interest.

E.  "Applicant's Mark" means the mark TEXAS TWO STEP as shown in Application Serial No. 88851620.

F.  "Communication" means, without limitation, the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, but not limited to, meetings, discussions, conversations, telephone calls, recordings, photographs, notes, memoranda, letters, facsimiles, email, text message, instant message and the transmittal of information in the form of agreements.

G.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

H.  "Describe," with respect to oral communications, means to state or identify the date, time of day, duration, location, persons involved, witnesses, physical occurrences, and a summary of the substance of any conversations. With respect to documents, "describe" means to identify the type of document, its date, its author, its recipients, and to offer a summary of the substance thereof.

I.  "Document" is used in the broadest sense possible consistent with the Federal Rules of Civil Procedure as adopted by the Trademark Rules of Practice and includes, without limitation, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, including but not limited to writings, recordings, photographs, letters, correspondence, purchase orders, invoices, facsimiles, telegrams, telexes, memoranda, records, summaries, minutes, records or notes of personal conversations, interviews, meetings and/or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic or other notes, opinions or reports of consultants, opinions or reports of experts, projections, financial or

statistical statements or compilations, checks (front and back), contracts, agreements, appraisals, analyses, confirmations, publications, articles, books, pamphlets, circulars, microfilms, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, tape recordings, videotapes, disks, diskettes, compact discs (CDs), data tapes or readable computer-produced interpretations or transcriptions thereof, electronically-transmitted messages (email), voicemail messages, inter-office communications, advertising, packaging and promotional materials, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to all information contained in any computer or electronic data processing system, or on any tape, whether or not already printed out or transcribed.  Without limiting the foregoing, "Documents" includes electronically stored information and any and all subsisting metadata associated therewith.

      J.      "Identify" when used in reference to:

      (i)      a <u>current officer or employee of Applicant</u> means to state the person's full name and title or position;

      (ii)      a <u>former officer or employee of Applicant</u> means to state, to the extent known, the person's full name, last title or position with Applicant, and the person's present business affiliation, and business addresses and telephone number or residential address and telephone number;

      (iii)      any <u>other person</u> means to state, to the extent known, the person's full name, present or last known address, and the current or last known place of employment and business addresses and telephone number;

      (iv)      an <u>oral communication</u> means to describe the date and time of the communication, the place where the communication occurred, the persons

involved in the communication, any other person present, and the substance of the communication;

(v)     a <u>business entity or institution</u> means to state, to the extent known, its full name, address and telephone number;

(vi)    a <u>document</u> means to describe the document with specificity, including, where applicable, the subject matter of the document, its date, the name, title and address of each writer or sender and each recipient, its present location and custodian, and, if any such document is not in Applicant's possession or subject to its control, state what disposition was made of it, by whom, and the date thereof. <u>Applicant may furnish a copy of the document in lieu of identifying it, provided: (a) the document contains the above information or Applicant separately furnishes such information when furnishing the document, (b) Applicant identifies the production number of such document in its response</u>; and (c) Applicant follows the Instructions set forth in Opposer's First Set of Requests for the Production of Document and Things to Applicant.

K. When not capitalized, "mark," "trademark" and "trade name" each incorporate trademarks, service marks, trade names and service names.

L.  "Market Research" includes all surveys, polls, focus groups, trademark and/or any other search reports, market research studies and other investigations, whether or not such investigations were completed, discontinued or fully carried out.

M.  "Opposer" means Texas Lottery Commission

N.  "Opposer's Mark" means the TEXAS TWO STEP mark, including as set forth in U.S. Reg. No. 2727836.

O.  "Opposition" means the Notice of Opposition filed in this proceeding.

P.  "Opposition Answer" means the Answer filed by Applicant in this proceeding.

Q.  "Person" means any natural person or any business, legal or governmental entity or association.

R.  "Set Forth the Basis" with respect to an allegation or denial of an allegation means to state all facts, evidence and legal bases on which Applicant is relying herein in support of such allegation or denial and to identify all documents concerning such allegation or denial (including both those supporting and those tending to negate the allegation or denial).

S.  "Thing" means any tangible object.

T.  The use of the singular form of any word includes the plural and vice versa.

U.  References to the masculine gender shall apply equally to the feminine gender.

V.  "Applicant's Goods" refers to the listing of products in Applicant's application for Applicant's Mark, namely, distilled spirits, in International Class 33.

## REQUESTS FOR ADMISSIONS

1.      Admit or deny that on or about March 28, 2020, Applicant filed a trademark application for Applicant's Mark with the U.S. Patent and Trademark Office ("USPTO"), which assigned Serial No. 88851620 to such application.

**Response:**


2.      Admit or deny that Applicant's Goods are listed as "distilled spirits" in International Class 33 in Applicant's trademark application serial no. 88851620.

**Response:**


3.      Admit or deny that prior to the filing date for application serial no. 88851620, Opposer filed trademark application serial no. 76241413 (now Reg. No. 2727836) with the USPTO for registration of the mark TEXAS TWO STEP.

**Response:**


4.      Admit or deny that on or about September 10, 2002, the USPTO published application serial no. 76241413 for opposition.

**Response:**


5.      Admit or deny that Applicant did not oppose registration of U.S. application serial no. 76241413 within thirty (30) days after its publication date.

**Response:**

6.      Admit or deny that on or about June 17, 2003, U.S. application serial no. 76241413 was registered on the principal register of the USPTO.

**Response:**


7.      Admit or deny that the USPTO assigned U.S. Registration No. 2727836 with respect to Opposer's application serial no. 76241413.

**Response:**


8.      Admit or deny that a certificate of registration of a mark upon the principal register of the United States shall be *prima facie* evidence of the registration of the mark.

**Response:**


9.      Admit or deny that a certificate of registration of a mark upon the principal register of the United States shall be *prima facie* evidence of the validity of the registered mark.

**Response:**


10.     Admit or deny that a certificate of registration of a mark upon the principal register of the United States shall be *prima facie* evidence of the registrant's ownership of the mark.

**Response:**


11.     Admit or deny that a certificate of registration of a mark upon the principal register of the United States shall be *prima facie* evidence of the registrant's exclusive right to use the

registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate.

**Response:**


12.     Admit or deny that Applicant had seen Opposer's Mark before filing the application for Applicant's Mark.

**Response:**


13.     Admit or deny that Applicant had heard of Opposer's Mark before filing the application for Applicant's Mark.

**Response:**


14.     Admit or deny that Applicant had purchased lottery tickets in the state of Texas before filing the application for Applicant's Mark.

**Response:**


15.     Admit or deny that Applicant has seen advertising for Opposer before filing the application for Applicant's Mark.

**Response:**


16.     Admit or deny that Opposer spends millions of dollars advertising its trademarks every year.

**Response:**

17.     Admit or deny that Opposer sells millions of dollars' worth of lottery tickets every year.

**Response:**


18.     Admit or deny that Applicant chose Applicant's Mark after seeing Opposer's Mark.

**Response:**


19.     Admit or deny that Applicant intends to sell Applicant's Goods under Applicant's Mark via the Internet.

**Response:**


20.     Admit or deny that Applicant intends to refer to Applicant's Mark via social media.

**Response:**


21.     Admit or deny that Applicant has a Facebook account.

**Response:**


22.     Admit or deny that Applicant has an Instagram account.

**Response:**


23.     Admit or deny that Applicant has a Twitter account.

**Response:**

24.     Admit or deny that Opposer advertises its services via the television.

**Response:**


25.     Admit or deny that Opposer advertises its services via the radio.

**Response:**


26.     Admit or deny that Opposer advertises its services via the Internet.

**Response:**


27.     Admit or deny that Applicant has seen Opposer's television commercials.

**Response:**


28.     Admit or deny that Applicant has seen Opposer's advertisements on the Internet.

**Response:**


29.     Admit or deny that Applicant has seen Opposer's Facebook page.

**Response:**


30.     Admit or deny that Applicant has seen Opposer's Instagram page.

**Response:**


31.     Admit or deny that Applicant has seen Opposer's Twitter feed.

**Response:**

32.     Admit or deny that Applicant has no evidence to contradict the yearly sales figures set forth in Opposer's sales summary found at the following link:

https://www.txlottery.org/export/sites/lottery/Documents/financial/Yearly_Sales_Summary_083120.pdf

**Response:**


33.     Admit or deny that Applicant has no evidence to contradict the weekly sales figures set forth in Opposer's sales summary found at the following link:

https://www.txlottery.org/export/sites/lottery/Documents/financial/Weekly-Sales-Summary.pdf

**Response:**


34.     Admit or deny that Applicant's Mark is visually the same as Opposer's Mark.

**Response:**


35.     Admit or deny that Applicant's Mark sounds the same as Opposer's Mark.

**Response:**


36.     Admit or deny that Applicant's Mark has the same meaning as Opposer's Mark.

**Response:**


37.     Admit or deny that Applicant's Mark is intended to call to mind Opposer's Mark.

**Response:**

38.     Admit or deny that Opposer's Mark is well-known.

**Response:**


39.     Admit or deny that Opposer's claimed first use date of April 2001 for Opposer's Mark is nearly nineteen years prior to the filing of your application for Applicant's Mark.

   **Response:**


40.     Admit or deny that there are no limitations as to customers or trade channels contained in the registration for Opposer's Mark.

   **Response:**


41.     Admit or deny that Applicant has no survey evidence regarding Opposer's Mark marks as compared to Applicant's Mark.

   **Response:**


42.     Admit or deny that Applicant has sold products bearing Applicant's Mark to consumers located in the state of Texas.

   **Response:**


43.     Admit or deny that Applicant intends to sell products bearing Applicant's Mark to consumers located in the state of Texas.

   **Response:**

Respectfully submitted,

By: /Dwayne K. Goetzel/
      Dwayne K. Goetzel

Kowert, Hood, Munyon, Rankin & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR OPPOSER**
**TEXAS LOTTERY COMMISSION**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that a copy of the foregoing was sent to the Applicant's attorney via email on this the 24th day of February 2021:

      dileep@rdoip.com
      sarah@rdoip.com

      Dileep P. Rao
      Rao Deboer Osterrieder, PLLC
      1334 Brittmoore Road, Suite 2401
      Houston, Texas 77043

                /Dwayne K. Goetzel/
                Dwayne K. Goetzel

**6**



DRAW GAMES   SCRATCH TICKETS   WINNERS   RETAILERS   MEDIA   SOCIAL RESPONSIBILITY   PLAYER PROTECTION   ABOUT
EN ESPAÑOL   BINGO



Est. Annuitized Jackpot

**$307 Million**

Est. Cash Value: **$224.7 Million**

Next Draw: **12/11/2021**

Results for: **12/08/2021**

3  7  33  50
69  24

Power Play X **2**



Est. Annuitized Jackpot

**$135 Million**

Est. Cash Value: **$98.5 Million**

Next Draw: **12/10/2021**

Results for: **12/07/2021**

1  7  40  43
68  1

Megaplier X **2**



Est. Annuitized Jackpot

**$12.25 Million**

Est. Cash Value: **$9.59 Million**

Next Draw: **12/11/2021**

Results for: **12/08/2021**

5  9  20  26
38  40



Advertised Jackpot

**$675,000**

Next Draw: **12/09/2021**

Results for: **12/06/2021**

5  13  31  33
34



Results for **Morning** Draw:
**12/09/2021**

7  5  0  1

Results for **Day** Draw:
**12/09/2021**

8  1  9  2

Results for **Evening** Draw:
**12/08/2021**

0  2  3  8



Results for **Morning** Draw:
**12/09/2021**

8  4  2  1
3

Results for **Day** Draw:
**12/09/2021**

0  1  0  5
2



Top Prize

**$25,000**

Next Draw: **12/09/2021**

Results for: **12/08/2021**

7  13  18  27
31



Top Prize

**$250,000**

Next Draw: **Evening**
**12/09/2021**

Results for **Day** Draw:
**12/09/2021**

1  3  4  7



Results for **Night** Draw:
12/08/2021

3  5  2  3

Results for **Evening** Draw:
12/08/2021

3  0  6  2

0

Results for **Night** Draw:
12/08/2021

5  6  0  7



9  11

16  17  18  19

21  23























Texas Lottery » Home

## GAMES

Powerball®

Mega Millions®

Lotto Texas®

Texas Two Step®

All or Nothing™

Pick 3™

Daily 4™

Cash Five®

Scratch Tickets

## SOCIAL RESPONSIBILITY

Responsible Gambling

Texas Alert Programs

## PLAYER PROTECTION

Security Spotlight

The Sound of Winners!

Lottery Scams

Myth Busters

## CONNECT

Facebook

Twitter

YouTube

Instagram

Email / Text

RSS

Download the App

## CONTACT

Agency Directory

Key Personnel Phone Directory

Complaint Form

Send an Email

Claim Center Locations

Public Information Requests

Unsubscribe

## SECTIONS

Games

Winners

Supporting Education & Veterans

Sales and Revenue

About Us

Retailers

Media

Events

FAQ

En Español

Smoking / Non-Smoking Locations



Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy | COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting

Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.



# Texas Two Step®

## MAKING THE MOST JACKPOT WINNERS IN TEXAS EACH YEAR!



| LAST DRAW | PAST RESULTS | HOW TO PLAY | MORE INFO |

## Texas Two Step Winning Numbers for 12/06/2021 are:

5  13  31  33  **34**

### Texas Two Step Winning Details

| Number Correct | Prize Amount | Winners |
| --- | --- | --- |
| 4 of 4 w/Bonus | $475,000 | Roll |
| 4 of 4 | $2,229 | 8 |
| 3 of 4 w/Bonus | $56 | 39 |
| 3 of 4 | $21 | 1,430 |
| 2 of 4 w/Bonus | $23 | 850 |
| 1 of 4 w/Bonus | $7 | 5,722 |
| 0 of 4 w/Bonus | $5 | 9,973 |
| Total Winners: | | 18,022 |

There was no Texas Two Step jackpot winner for drawing on 12/06/2021.

Current Advertised Jackpot for 12/09/2021 is:

# $675,000

Notes:

- In the case of a discrepancy between these numbers and the official drawing results, the official drawing results will prevail. View the Webcast of the official drawings.
- Tickets must be claimed no later than 180 days after the draw date.
- A ticket is not a valid winning ticket until it is presented for payment and meets the Commission's validation requirements.
- For a copy of the winner's list, please email us at customer.service@lottery.state.tx.us. Be sure to include the game(s) you want, your name and your mailing address.





**GAMES**

Powerball®
Mega Millions®
Lotto Texas®
Texas Two Step®
All or Nothing™
Pick 3™
Daily 4™
Cash Five®
Scratch Tickets

**SOCIAL RESPONSIBILITY**

Responsible
Gambling
Texas Alert Programs

**PLAYER PROTECTION**

Security Spotlight
The Sound of
Winners!
Lottery Scams
Myth Busters

**CONNECT**

Facebook
Twitter
YouTube
Instagram
Email / Text
RSS
Locations
Download the App

**CONTACT**

Agency Directory
Key Personnel Phone
Directory
Complaint Form
Send an Email
Claim Center
Public Information
Requests
Unsubscribe

**SECTIONS**

Games
Winners
Supporting Education
& Veterans
Sales and Revenue
About Us
Retailers
Media
Events
FAQ
En Español
Smoking / Non-
Smoking Locations

Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy | COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting



Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.

https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/index.html

Firefox 95.0.0.0

1:53:27 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042



# Texas Two Step®
## MAKING THE MOST JACKPOT WINNERS IN TEXAS EACH YEAR!

| LAST DRAW | PAST RESULTS | HOW TO PLAY | MORE INFO |

## Past Winning Numbers

All Past Results   Download   View In Draw Order   Print Friendly Format

| Draw Date | Winning Numbers | Bonus Ball | Estimated Jackpot | Jackpot Winners |
|-----------|-----------------|------------|-------------------|-----------------|
| 12/06/2021 | 5 - 13 - 31 - 33 | 34 | $475,000 | Roll |
| 12/02/2021 | 4 - 9 - 22 - 25 | 1 | $325,000 | Roll |
| 11/29/2021 | 1 - 22 - 26 - 29 | 25 | $225,000 | Roll |
| 11/25/2021 | 2 - 5 - 21 - 26 | 24 | $200,000 | Roll |
| 11/22/2021 | 8 - 12 - 27 - 29 | 23 | $225,000 | 1 |
| 11/18/2021 | 6 - 14 - 17 - 26 | 30 | $200,000 | Roll |
| 11/15/2021 | 3 - 4 - 19 - 34 | 7 | $500,000 | 2 |
| 11/11/2021 | 2 - 7 - 20 - 24 | 30 | $350,000 | Roll |
| 11/08/2021 | 4 - 17 - 27 - 32 | 2 | $225,000 | Roll |
| 11/04/2021 | 12 - 17 - 28 - 32 | 25 | $200,000 | Roll |
| 11/01/2021 | 3 - 13 - 19 - 34 | 24 | $350,000 | 1 |
| 10/28/2021 | 12 - 18 - 30 - 35 | 5 | $225,000 | Roll |
| 10/25/2021 | 8 - 10 - 12 - 30 | 32 | $200,000 | Roll |

| 10/21/2021 | 4 - 8 - 13 - 30 | 27 | $1,225,000 | 3 |
| 10/18/2021 | 5 - 17 - 20 - 32 | 28 | $925,000 | Roll |
| 10/14/2021 | 1 - 15 - 26 - 28 | 35 | $700,000 | Roll |
| 10/11/2021 | 4 - 19 - 20 - 30 | 27 | $525,000 | Roll |
| 10/07/2021 | 2 - 16 - 19 - 35 | 22 | $350,000 | Roll |
| 10/04/2021 | 11 - 21 - 22 - 28 | 32 | $225,000 | Roll |
| 09/30/2021 | 2 - 9 - 25 - 30 | 26 | $200,000 | Roll |
| 09/27/2021 | 4 - 8 - 25 - 31 | 24 | $225,000 | 2 |
| 09/23/2021 | 4 - 21 - 26 - 34 | 26 | $200,000 | Roll |
| 09/20/2021 | 21 - 25 - 28 - 30 | 22 | $950,000 | 1 |
| 09/16/2021 | 1 - 8 - 12 - 13 | 27 | $675,000 | Roll |
| 09/13/2021 | 7 - 23 - 26 - 33 | 3 | $525,000 | Roll |
| 09/09/2021 | 1 - 4 - 23 - 32 | 26 | $350,000 | Roll |
| 09/06/2021 | 7 - 13 - 16 - 21 | 11 | $225,000 | Roll |
| 09/02/2021 | 19 - 21 - 25 - 30 | 2 | $200,000 | Roll |
| 08/30/2021 | 4 - 9 - 13 - 33 | 19 | $200,000 | 1 |
| 08/26/2021 | 3 - 4 - 12 - 32 | 18 | $200,000 | 1 |
| 08/23/2021 | 1 - 2 - 4 - 29 | 31 | $225,000 | 1 |
| 08/19/2021 | 1 - 17 - 23 - 34 | 12 | $200,000 | Roll |
| 08/16/2021 | 16 - 21 - 26 - 32 | 19 | $225,000 | 1 |
| 08/12/2021 | 22 - 26 - 28 - 32 | 16 | $200,000 | Roll |
| 08/09/2021 | 5 - 13 - 16 - 24 | 15 | $225,000 | 1 |
| 08/05/2021 | 1 - 6 - 8 - 30 | 30 | $200,000 | Roll |
| 08/02/2021 | 5 - 6 - 8 - 16 | 14 | $200,000 | 2 |
| 07/29/2021 | 2 - 7 - 29 - 33 | 3 | $1,325,000 | 1 |
| 07/26/2021 | 14 - 26 - 32 - 34 | 18 | $1,000,000 | Roll |
| 07/22/2021 | 4 - 12 - 27 - 28 | 20 | $750,000 | Roll |
| 07/19/2021 | 9 - 16 - 25 - 27 | 20 | $550,000 | Roll |
| 07/15/2021 | 12 - 18 - 29 - 30 | 31 | $350,000 | Roll |
| 07/12/2021 | 3 - 13 - 20 - 25 | 6 | $225,000 | Roll |
| 07/08/2021 | 3 - 14 - 28 - 29 | 8 | $200,000 | Roll |
| 07/05/2021 | 1 - 9 - 23 - 31 | 14 | $200,000 | 1 |
| 07/01/2021 | 10 - 14 - 27 - 30 | 24 | $750,000 | 1 |
| 06/28/2021 | 2 - 23 - 24 - 30 | 6 | $550,000 | Roll |
| 06/24/2021 | 8 - 25 - 27 - 31 | 9 | $375,000 | Roll |
| 06/21/2021 | 12 - 23 - 24 - 34 | 11 | $225,000 | Roll |
| 06/17/2021 | 11 - 30 - 31 - 35 | 32 | $200,000 | Roll |
| 06/14/2021 | 11 - 20 - 21 - 29 | 9 | $375,000 | 1 |

Notes:

Notes.

- In the case of a discrepancy between these numbers and the official drawing results, the official drawing results will prevail. View the Webcast of the official drawings.
- Tickets must be claimed no later than 180 days after the draw date.
- A ticket is not a valid winning ticket until it is presented for payment and meets the Commission's validation requirements.
- For a copy of the winner's list, please email us at customer.service@lottery.state.tx.us. Be sure to include the game(s) you want, your name and your mailing address.





Texas Lottery » Games » Texas Two Step

## GAMES

Powerball®
Mega Millions®
Lotto Texas®
Texas Two Step®
All or Nothing™
Pick 3™
Daily 4™
Cash Five®
Scratch Tickets

## SOCIAL RESPONSIBILITY

Responsible
Gambling
Texas Alert Programs

## PLAYER PROTECTION

Security Spotlight
The Sound of
Winners!
Lottery Scams
Myth Busters

## CONNECT

Facebook
Twitter
YouTube
Instagram
Email / Text
RSS
Download the App

## CONTACT

Agency Directory
Key Personnel Phone
Directory
Complaint Form
Send an Email
Claim Center
Locations
Public Information
Requests
Unsubscribe

## SECTIONS

Games
Winners
Supporting Education
& Veterans
Sales and Revenue
About Us
Retailers
Media
Events
FAQ
En Español
Smoking / Non-
Smoking Locations


Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy | COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting



Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.

Windows 10 Enterprise 64-bit Build 19042



# Texas Two Step®

## *MAKING THE MOST JACKPOT WINNERS IN TEXAS EACH YEAR!*

LAST DRAW    PAST RESULTS    HOW TO PLAY    MORE INFO

# How to Play *Texas Two Step*®

## WATCH HOW-TO-PLAY VIDEO



**STEP 1**

Get a *Texas Two Step* playslip from your favorite Texas Lottery® retailer or use the Texas Lottery® App to create a *Texas Two Step* play.

Select four (4) numbers from 1 to 35 in the upper play area and select one (1) Bonus Ball number from 1 to 35 in the lower play area of the playboard or mark the "QP" box and the terminal will select your numbers. OR, simply ask your lottery retailer for a "Quick Pick" and the terminal will pick all your numbers!

**MULTI-DRAW**

You can play the same sets of numbers for more than one drawing.
Mark the appropriate "MULTI-DRAW" box to play up to 10 consecutive drawings.

**STEP 2**

*Texas Two Step* costs $1 per play.

**STEP 3**

*Texas Two Step* drawings are held every Monday and Thursday at 10:12 p.m. CT.
Tickets are not available during Draw Break, from 10:02 -10:15 p.m. CT.

### STEP 4

CHECK YOUR NUMBERS!

- Use the Check Your Numbers feature via our website
- Check the "Winning Numbers & Jackpots" screen on the Texas Lottery App
- Scan your ticket using Check-a-Ticket machine at any licensed Texas Lottery Retailer
- Call 800-375-6886, listen for the results option
- Watch the live webcasts under the MORE INFO tab on the game page
- Check your local newspaper
- Visit any licensed Texas Lottery retail location

### STEP 5

**DID YOU WIN?**

**HOW TO WIN**

| MATCH WHITE BALLS ○ | MATCH RED BONUS BALL ● | EXAMPLE | ESTIMATED PRIZE | ODDS OF WINNING |
|---|---|---|---|---|
| 4 | 1 | ○○○○+● | Jackpot⁺ | 1 : 1,832,600 |
| 4 | 0 | ○○○○ | $1501*^ | 1 : 53,900 |
| 3 | 1 | ○○○+● | $50*^ | 1 : 14,779 |
| 3 | 0 | ○○○ | $20*^ | 1 : 435 |
| 2 | 1 | ○○+● | $20*^ | 1 : 657 |
| 1 | 1 | ○+● | $7 Guaranteed | 1 : 102 |
| 0 | 1 | ● | $5 Guaranteed | 1 : 58 |

Overall odds are 1:32.4. The prize payout over time is estimated to be, at a minimum, 50 percent of *Texas Two Step* sales. *Pari-mutuel prize = total prize allocation divided equally among multiple winners. ^Prizes may be higher or lower than estimated depending on the number of winners at a prize level. All prizes, including the jackpot prize, will be paid in a single payment.





**GAMES**

Powerball®
Mega Millions®
Lotto Texas®
Texas Two Step®
All or Nothing™

**SOCIAL RESPONSIBILITY**

Responsible
Gambling
Texas Alert Programs

**PLAYER PROTECTION**

Security Spotlight
The Sound of
Winners!
Lottery Scams

**CONNECT**

Facebook
Twitter
YouTube
Instagram
Email / Text

**CONTACT**

Agency Directory
Key Personnel Phone
Directory
Complaint Form
Send an Email

**SECTIONS**

Games
Winners
Supporting Education
& Veterans
Sales and Revenue

Pick 3™
Daily 4™
Cash Five®
Scratch Tickets

Lottery Scams
Myth Busters

RSS
Locations
Download the App

Claim Center
Public Information
Requests
Unsubscribe

About Us
Retailers
Media
Events
FAQ
En Español
Smoking / Non-
Smoking Locations



Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy |
COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting



Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.



— TEXAS LOTTERY —

**GAMES BY PRICE POINT   CURRENT GAMES LIST   GAMES ENDING SOON   CLOSED GAMES   ...**

# Scratch Ticket and Retailer Locator

- To locate retailers, select a City or enter a ZIP code.
- To locate where a specific Scratch Ticket is sold, select a City or enter ZIP code then select the game.
- To find locations where you can check your own ticket, select a City or enter a ZIP code then select Self-Check Locations.
- You may identify smoking status of locations by selecting option Yes or No.

(Closed Scratch tickets and tickets with all top prizes claimed will not appear on game list.)

## Locate Retailers

Select City or ZIP code to search for a retailer.

City
Select One (optional)

ZIP code
77423

Scratch Ticket
Select One (optional)

Smoking Allowed?
Select One (optional)

Select box for Self-Check Locations
☐

Search >>

# Search Results for ZIP code: 77423

Description of self-check terminals

| Retailer Name | Street Address | City | Phone Number | Smoking Allowed? | Self Check Type | Map |
|---|---|---|---|---|---|---|
| BROOKSHIRE BROTHERS #40 | 3523 1/2 FRONT ST | BROOKSHIRE | 281-375-5452 | No | GEM | Map |
| BROOKSHIRE TRUCK STOP | 541 FM 1489 RD | BROOKSHIRE | 281-934-8424 | No | CAT | Map |
| BROOKSHIRE TRUCK STOP | 213 FM 359 RD S | BROOKSHIRE | 281-375-8090 | No | CAT | Map |
| C & D GROCERY | 6723 FM 359 | BROOKSHIRE | 281-375-5555 | No | CAT | Map |
| CHECKOUT #62 | 225 FM 359 RD S | BROOKSHIRE | 281-701-1539 | No | | Map |
| CHEVRON FOOD MART | 305 FM 359 SOUTH | BROOKSHIRE | 281-375-8515 | No | CAT | Map |
| DOLLAR GENERAL STORE #195 | 3034 FM 359 RD | BROOKSHIRE | 281-769-8265 | No | | Map |
| DOLLAR GENERAL STORE #195 | 3034 FM 359 RD | BROOKSHIRE | 281-769-8265 | No | | Map |
| DOLLAR GENERAL STORE #804 | 4825 FRONT ST | BROOKSHIRE | 281-968-9002 | No | | Map |
| DOLLAR GENERAL STORE #804 | 4825 FRONT ST | BROOKSHIRE | 281-968-9002 | No | | Map |
| FUEL MAXX #34 | 10596 FM 359 RD | BROOKSHIRE | 346-223-0158 | No | CAT | Map |
| FUEL MAXX #40 | 35123 KATY FWY | BROOKSHIRE | 281-934-1097 | No | | Map |
| FUEL MAXX #43 | 1210 FM 359 RD | BROOKSHIRE | 281-934-8988 | No | CAT | Map |
| FUEL MAXX #48 | 1865 FM 359 RD | PATTISON | 281-934-2808 | No | CAT | Map |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| FUEL MAXX 11 | 6936 FM 362 | PATTISON | 281-934-1605 | No | | CAT | Map |
| PILOT TRAVEL CENTERS 740 | 204 SOUTH WALLER AVE | BROOKSHIRE | 281-934-4133 | No | | GEM | Map |
| TIME MART AT JORDAN RANCH | 30575 KINGSLAND BLVD | BROOKSHIRE | 832-310-9563 | No | | | Map |
| TIMEWISE FOOD STORE #292 | 306 FM 359 S | BROOKSHIRE | 281-934-1012 | No | | CAT | Map |

Pending = Smoking Survey Pending

**Search Again**

Texas Lottery  »  Games  »  Scratch Tickets  »  Scratch Tickets Locator

**GAMES**

Powerball®

Mega Millions®

Lotto Texas®

Texas Two Step®

All or Nothing™

Pick 3™

Daily 4™

Cash Five®

Scratch Tickets

**SOCIAL RESPONSIBILITY**

Responsible Gambling

Texas Alert Programs

**PLAYER PROTECTION**

Security Spotlight

The Sound of Winners!

Lottery Scams

Myth Busters

**CONNECT**

Facebook

Twitter

YouTube

Instagram

Email / Text

RSS

Download the App

**CONTACT**

Agency Directory

Key Personnel Phone Directory

Complaint Form

Send an Email

Claim Center Locations

Public Information Requests

Unsubscribe

**SECTIONS**

Games

Winners

Supporting Education & Veterans

Sales and Revenue

About Us

Retailers

Media

Events

FAQ

En Español

Smoking / Non-Smoking Locations



Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy | COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting

Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.

https://www.texaslottery.com/opencms/Games/Scratch_Offs/Retailer_Locator.jsp
Firefox 95.0.0.0
1:57:39 PM 12/9/2021
Windows 10 Enterprise 64-bit Build 19042

```
winner_summary   1.00               T e x a s   L o t t e r y   C o m m i s s i o n                        Page: 1
CDC:11488 / Mon Jun-14-2021         TEXAS TWO STEP WINNER SUMMARY REPORT FOR DRAW 2096            Tue Jun-15-2021 00:01:13
--------------------------------------------------------------------------------------------------------------------

WINNING SET    :  Regular

WINNING NUMBERS:        11        29        21        20
POWER  NUMBERS:        09

DIVISION              NUMBER              AMOUNT                    LIABILITY
------------         ---------         ------------------         ------------------
4+1                         1          $ 375,000.00               $ 375,000.00
4+0                        14          $ 1,269.00                 $ 17,766.00
3+1                        47          $ 46.00                    $ 2,162.00
3+0                      1424          $ 21.00                    $ 29,904.00
2+1                      1035          $ 19.00                    $ 19,665.00
1+1                      6471          $ 7.00                     $ 45,297.00
0+1                     11386          $ 5.00                     $ 56,930.00


TOTAL:                  20378                                     $ 546,724.00

TOTAL SALES:

GROSS SALES     :        $ 637,006.00
CANCELLATIONS   :               $ 0.00
DISCOUNTS       :               $ 0.00
NET SALES       :        $ 637,006.00
FREE SALES      :               $ 0.00
FREE CANCELS    :               $ 0.00
End of Report
```

```
--------------------------------------------------------------------------------------------------------------------
txeste1                             Copyright (c) 2021 GTECH Corporation. All rights reserved.
```

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210614_tts.txt

Firefox 95.0.0.0

1:58:22 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042

```
winner_summary   1.00                    T e x a s   L o t t e r y   C o m m i s s i o n                          Page: 1
CDC:11481 / Mon Jun-07-2021              TEXAS TWO STEP WINNER SUMMARY REPORT FOR DRAW 2094              Tue Jun-08-2021 00:01:10
-------------------------------------------------------------------------------------------------------------------------------

WINNING SET     :  Regular

WINNING NUMBERS:          32         21        31        35
POWER  NUMBERS:           35

DIVISION              NUMBER            AMOUNT                LIABILITY
------------        ---------      ------------------    ------------------
4+1                         0           $ 0.00                 $ 0.00
4+0                        12           $ 1,167.00             $ 14,004.00
3+1                        24           $ 71.00                $ 1,704.00
3+0                      1030           $ 22.00                $ 22,660.00
2+1                       733           $ 21.00                $ 15,393.00
1+1                      4647           $ 7.00                 $ 32,529.00
0+1                      8429           $ 5.00                 $ 42,145.00


TOTAL:                  14875                                  $ 128,435.00

TOTAL SALES:

GROSS SALES      :       $ 502,096.00
CANCELLATIONS    :            $ 0.00
DISCOUNTS        :            $ 0.00
NET SALES        :       $ 502,096.00
FREE SALES       :            $ 0.00
FREE CANCELS     :            $ 0.00
End of Report
```

```
-------------------------------------------------------------------------------------------------------------------------------
txeste1                          Copyright (c) 2021 GTECH Corporation. All rights reserved.
```

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210607_tts.txt

Firefox 95.0.0.0

2:00:56 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042

```
winner_summary   1.00              T e x a s   L o t t e r y   C o m m i s s i o n                    Page: 1
CDC:11474 / Mon May-31-2021        TEXAS TWO STEP WINNER SUMMARY REPORT FOR DRAW 2092        Tue Jun-01-2021 00:01:14
-------------------------------------------------------------------------------------------------------------

WINNING SET    :  Regular

WINNING NUMBERS:        11        15        05        35
POWER  NUMBERS:        29

DIVISION              NUMBER              AMOUNT              LIABILITY
-----------          ---------      ------------------    ------------------
4+1                      1         $ 375,000.00           $ 375,000.00
4+0                     14         $   1,219.00           $  17,066.00
3+1                     39         $      54.00           $   2,106.00
3+0                   1544         $      19.00           $  29,336.00
2+1                    910         $      21.00           $  19,110.00
1+1                   5616         $       7.00           $  39,312.00
0+1                   9790         $       5.00           $  48,950.00


TOTAL:               17914                                $ 530,880.00

TOTAL SALES:

GROSS SALES     :        $ 611,602.00
CANCELLATIONS   :              $ 0.00
DISCOUNTS       :              $ 0.00
NET SALES       :        $ 611,602.00
FREE SALES      :              $ 0.00
FREE CANCELS    :              $ 0.00
End of Report
```

```
-------------------------------------------------------------------------------------------------------------
txeste1                        Copyright (c) 2021 GTECH Corporation. All rights reserved.
```

https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210531_tts.txt

Firefox 95.0.0.0

2:01:20 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042

```
winner_summary   1.00            T e x a s   L o t t e r y   C o m m i s s i o n                Page: 1
CDC:11467 / Mon May-24-2021      TEXAS TWO STEP WINNER SUMMARY REPORT FOR DRAW 2090      Tue May-25-2021 00:01:11
----------------------------------------------------------------------------------------------------------

WINNING SET    : Regular

WINNING NUMBERS:        08        04        18        32
POWER   NUMBERS:        10

DIVISION           NUMBER             AMOUNT             LIABILITY
-----------      ---------      -----------------      -----------------
4+1                     0            $ 0.00               $ 0.00
4+0                     8        $ 1,762.00           $ 14,096.00
3+1                    29           $ 59.00            $ 1,711.00
3+0                  1207           $ 19.00           $ 22,933.00
2+1                   786           $ 20.00           $ 15,720.00
1+1                  5122            $ 7.00           $ 35,854.00
0+1                  9094            $ 5.00           $ 45,470.00


TOTAL:              16246                            $ 135,784.00

TOTAL SALES:

GROSS SALES    :        $ 504,842.00
CANCELLATIONS  :              $ 0.00
DISCOUNTS      :              $ 0.00
NET SALES      :        $ 504,842.00
FREE SALES     :              $ 0.00
FREE CANCELS   :              $ 0.00
End of Report
```

---

txeste1                         Copyright (c) 2021 GTECH Corporation. All rights reserved.

**https://www.texaslottery.com/export/sites/lottery/Documents/Draw_Sales/20210524_tts.txt**

Firefox 95.0.0.0

2:01:45 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042



# Drawings - Webcast

**LIVE WEBCAST MON-SAT AT 10:00AM, 12:27PM, 6:00PM AND 10:12PM CT**

**DRAWINGS WEBCAST**

**DOWNLOAD MP4**

**PAST DRAWINGS**

December 09 2021 (12:27 PM CT)

https://www.texaslottery.com/export/sites/lottery/Games/Web_Cast.html

Firefox 95.0.0.0

2:02:44 PM 12/9/2021

Windows 10 Enterprise 64-bit Build 19042



☰          — TEXAS LOTTERY —                                    ◉

**TEXAS TWO STEP**   **PAST WINNING NUMBERS**   **NUMBER FREQUENCY**   **PRE-TEST RESULTS**   **EST JACKPOT DOCUMENTS**   **DRAW**
**SALES**   **CHECK YOUR TICKET**

# Check Your Ticket - Texas Two Step®



## Do Your Numbers Match?

Check Your Ticket for up to Ten Boards

Select a Draw Date:

| 12/06/2021 | ▼ |

Game Board A

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board B

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board C

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board D

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board E

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board F

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board G

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board H

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board I

| 1 | 2 | 3 | 4 | Bonus Ball |

Game Board J

| 1 | 2 | 3 | 4 | Bonus Ball |

**Check Results**   **Start Over**



Texas Lottery » Games » Texas Two Step » Check Your Ticket

## GAMES

Powerball®
Mega Millions®
Lotto Texas®
Texas Two Step®
All or Nothing™
Pick 3™
Daily 4™
Cash Five®
Scratch Tickets

## SOCIAL RESPONSIBILITY

Responsible
Gambling
Texas Alert Programs

## PLAYER PROTECTION

Security Spotlight
The Sound of
Winners!
Lottery Scams
Myth Busters

## CONNECT

Facebook
Twitter
YouTube
Instagram
Email / Text
RSS
Locations
Download the App

## CONTACT

Agency Directory
Key Personnel Phone
Directory
Complaint Form
Send an Email
Claim Center
Public Information
Requests
Unsubscribe

## SECTIONS

Games
Winners
Supporting Education
& Veterans
Sales and Revenue
About Us
Retailers
Media
Events
FAQ
En Español
Smoking / Non-
Smoking Locations



Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Play Responsibly | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's "Where the Money Goes" | State Website Link & Privacy Policy |

COVID-19 | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting



Must be 18 years or older to purchase a ticket. Copyright © 2021 Texas Lottery Commission.

https://www.texaslottery.com/export/sites/lottery/Games/Texas_Two_Step/Texas_Two_Step_Ticket_Search.html
Firefox 95.0.0.0
2:03:27 PM 12/9/2021
Windows 10 Enterprise 64-bit Build 19042

# PLAY RESPONSIBLY
## It only takes one ticket to win.

**TEXAS LOTTERY**

| Responsible Gambling | Resources | Education | Certifications | Responsible Advertising |
|---|---|---|---|---|

# Advertising

## Texas Lottery Advertising Sensitivity Guidelines

**Prohibited Advertisements Restriction in the State Lottery Act**

Sec. 466.110. PROHIBITED ADVERTISEMENTS. The legislature intends that advertisements or promotions sponsored by the commission or the division for the lottery not be of a nature that unduly influences any person to purchase a lottery ticket or number.

Added by Acts 1993, 73rd Leg., ch. 107, Sec. 4.03(b), eff. Aug. 30, 1993. Amended by Acts 1995, 74th Leg., ch. 76, Sec. 6.17, eff. Sept. 1, 1995.

The Texas Lottery is an agency of the State of Texas, and all advertising efforts shall be conducted in a manner commensurate with the dignity and integrity of the State of Texas and the Texas Lottery brand. Advertising should be consistent with the core values, vision and mission of the Texas Lottery and in accordance with the State Lottery Act. All Texas Lottery advertising is designed in a manner to not unduly influence any person to purchase a lottery ticket or number based on the criteria detailed below.

Advertising should not:

1. Unduly influence or over promise the benefits and features of the game or infer that anything other than random chance will result in winning the game via game names, callouts, features or other game elements.
2. Depict or represent a change of lifestyle by presenting any Texas Lottery game as a potential means of relieving any person's financial or personal difficulty by emphasizing wins are a guarantee or substitute for employment.
3. Display guns, alcohol, tobacco, improper attire or imply lewd or indecent language, images or actions.
4. Portray product abuse, excessive play or preoccupation with gambling by glamorizing frequent or excessive play.
5. Imply or portray any illegal activity.
6. Make fun of other's pain, misfortune or impairment or physique.
7. Degrade the image or status of persons of any ethnic, minority or religious group.
8. Show any form of cruelty and/or abuse of animals.
9. Exploit a person, specific group or economic class.
10. Create the perception that the Texas Lottery has control over where winning tickets are sold and/or purchased.
11. Stereotype Texans.
12. Solicit children.

## Resources for Help



If you or someone you know may have a gambling problem, help is available.

## Education

Warning Signs
FAQ
Training Videos



If you are a player, retailer, friend or family, it could be helpful to know the signs of problem gambling.

## Resources for Download



The Texas Lottery provides these flyers and brochures for your use as a public service.

## Responsible Advertising



Texas Lottery advertising is designed to not unduly influence purchases.

problem gambling.

   

Certifications

Contact Us | File a Complaint | ADA | Accessibility | Privacy Statement | Site Map | Social Media Guidelines and Comment Statement | Linking Statement

Texas.gov | Texas Homeland Security | TRAIL Statewide Search | Compact with Texans | Comptroller's State Revenue and Expenditure tool | State Website Link & Privacy Policy | Texas DSHS Problem Gambling

Texas Veterans Portal | Texas Alert Programs | SAO Waste/Fraud Reporting

Must be 18 years or older to purchase a ticket. Copyright © 2021. Texas Lottery Commission.

https://www.texaslottery.com/export/sites/lottery/Social_Responsibility/responsible_gambling/advertising.html
Firefox 95.0.0.0
2:04:01 PM 12/9/2021
Windows 10 Enterprise 64-bit Build 19042